UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 05-10189-PBS |
| ) | |
| v. ) | |
| ) | |
| ANTHONY TONEY ) | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States opposes defendant's motion to suppress evidence. As set forth below, the search of defendant's vehicle, which resulted in the discovery of a firearm, was reasonable as a search both incident to his lawful arrest and pursuant to Boston Police Department inventory policy. The Court should, therefore, deny defendant's motion. Furthermore, because the search was reasonable even under defendant's version of the facts, the Court should deny his request for an evidentiary hearing.

FACTS[1]

Shortly after midnight on Sunday, May 8, 2005, Boston Police Officers James Bowden and Thomas Brooks were patrolling in their marked wagon on Blue Hill Avenue in Roxbury. As they approached the intersection of Moreland Street, the officers observed defendant's red 2003 Lexus ES300 idling at the red light there behind two other stopped vehicles. The officers observed defendant suddenly drive around the two vehicles and attempt to make a right turn on Blue Hill Avenue. After passing through the intersection, the officers activated their emergency

---

[1] The government anticipates that witnesses will testify to these facts in the event of an evidentiary hearing.

lights and siren and attempted a traffic stop.  Defendant continued on Blue Hill Avenue before turning left onto Woodville Street and finally coming to a stop.

The officers ran the vehicle's license plate and discovered that defendant had an active arrest warrant for an assault and battery.  The officers approached the vehicle together, informed defendant that he was under arrest, handcuffed him and secured him in the wagon.

Officers Bowden and Brooks knew the area around Woodville Street to be a high-crime area, and were particularly aware of a high rate of automobile theft.  Because, among other reasons, defendant was the owner and sole occupant of the Lexus, a red luxury car, the officers decided pursuant to standard Boston Police procedures that the vehicle should be towed for safekeeping.  After securing defendant in the police wagon, Officer Bowden immediately returned to the vehicle to check if there were valuables that he should inventory, also according to standard procedures.  Officer Bowden looked in the passenger compartment of the vehicle and noticed that there were
valuables strewn about the back seat.  Believing there could be other valuables in the vehicle, Officer Bowden looked inside the pouch behind the right front seat, pursuant to inventory procedures that mandated examining all such areas.  Officer Bowden there found a silver handgun, and after checking to determine it was authentic, notified his partner of the discovery.  Approximately one minute had elapsed between securing defendant and the discovery of the handgun.

The officers immediately read defendant his <u>Miranda</u> rights and asked whether he owned the vehicle and whether he had a license to possess a firearm.  Defendant denied owning any firearm found in the back seat of the vehicle.  Officer Bowden completed the inventory search and filled out the required inventory form, which included the discovery of the handgun.

ARGUMENT

Defendant does not challenge the legality of the initial stop or his subsequent arrest on his outstanding misdemeanor arrest warrant.[2] Therefore, the search of defendant's vehicle was reasonable as a search incident to his arrest under New York v. Belton, 453 U.S. 454 (1981). Furthermore, because the search was valid under Belton even according to defendant's version of the facts, the Court should deny defendant's request for an evidentiary hearing. In addition, the search was reasonable as an inventory search because it was conducted in good-faith adherence to standard Boston Police Department towing and inventory policy.

    A.    The Search Was Reasonable as Incident to Defendant's Arrest Because the Search Was Conducted Immediately After the Officers Secured Defendant.

The Fourth Amendment prohibits only "unreasonable searches." U.S. Const. amend. IV. When police arrest the occupant of a vehicle, it is reasonable to conduct a warrantless search of the passenger compartment of that vehicle, and any unlocked containers therein, as a contemporaneous incident of the arrest. Belton, 453 U.S. at 460-61. This bright-line rule ensures that officers are aware of the scope of their authority and eliminates any need for the police to conduct a meticulous analysis of their conduct during the often stressful encounter of a custodial arrest. Id. at 459-60.

Although the search must be "contemporaneous" with the arrest, the police may restrain the arrestee and secure him in a police vehicle before commencing the search. United States v. Doward, 41 F.3d 789, 791 & n.1 (1st Cir. 1994); United States v. Jackson, 918 F.2d 236, 238,

---

[2] The police were entitled to stop the defendant because he had committed a traffic violation. Whren v. United States, 517 U.S. 806, 810 (1996); see Delaware v. Prouse, 440 U.S. 648, 659 (1979). The police were also justified in arresting the defendant when they learned of his outstanding warrant. See U.S. Const. amend. IV; Steagald v. United States, 451 U.S. 204, 213 (1981).

240 (1st Cir. 1990). The Supreme Court recently reaffirmed this long-accepted practice in Thornton v. United States, 541 U.S. 615, 622-24 & n.4 (2004). See also Doward, 41 F.3d at 791 n.1 (listing numerous federal and state cases).

Here, Officers Bowden and Brooks removed defendant from his vehicle and placed him under arrest. Under Belton, they were authorized to search the passenger compartment of defendant's vehicle incident to that arrest. 453 U.S. at 460. After the officers secured defendant in their police wagon, Officer Bowden immediately returned to defendant's vehicle and found the gun in a passenger seat pouch within approximately one minute. Thus, this was not a case in which a long period of time elapsed between the arrest and the search. Cf. United States v. Vasey, 834 F.2d 782, 787 (9th Cir. 1987) (invalidating search as not "contemporaneous" with arrest because conducted more than thirty minutes after arrest). Nor was defendant far from the scene when Officer Bowden commenced the search. Cf. United States v. Lugo, 978 F.2d 631, 635 (10th Cir. 1992) (invalidating search because defendant already en route to police station when search begun). But see Crawford v. Bannan, 336 F.2d 505, 506-507 (6th Cir. 1964) (opposite result). Finally, the seat pouch was an unlocked "container" under Belton and was lawfully within the scope of Officer Bowden's search. 453 U.S. at 460 n.4.

In fact, this case is indistinguishable from the search the First Circuit held reasonable in Doward, 41 F.3d at 793. In Doward, patrolling officers stopped the defendant's vehicle after making an illegal right turn. Id. at 791. A routine license check disclosed an outstanding arrest warrant for the defendant. Id. The officers ordered the defendant out of the car, arrested him, handcuffed him and placed him in a nearby police cruiser. Id. One officer immediately began to search the vehicle's passenger compartment and found a firearm within three minutes. Id. The Doward court held that the timing of the search was well within the limits of a

"contemporaneous incident" of the defendant's arrest. Id. at 793 & n.3. Therefore, the search of defendant's vehicle, which also occurred immediately following his arrest and uncovered a firearm within a single minute, was a contemporaneous incident of his arrest and was reasonable. See also United States v. Sanchez, 892 F.Supp. 15, 18-19 (D. Me. 1995) (holding vehicle search reasonable as incident to arrest where police handcuffed driver, placed him in police cruiser and initiated search as soon as possible).[3]

Furthermore, the Court should deny defendant's request for an evidentiary hearing because the search was reasonable as incident to his arrest even under defendant's version of the facts. A defendant is not automatically entitled to an evidentiary hearing; "evidentiary hearings on motions are the exception, not the rule." United States v. Gilbert, 94 F.Supp.2d 163, 171 (D. Mass. 2000) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). Rather, the defendant must make sufficiently definite and detailed allegations that, if proven, would entitle him to relief. United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (citing United States v. Migely, 596 F.2d 511, 513 (1st Cir. 1979)).

In this case, defendant has not made a sufficient showing that facts material to the legality of the search under Belton are in dispute. Defendant concedes that his stop and subsequent arrest were lawful. (See Defendant's Motion ("Def.'s Mot.") at 1-2, Ex. A ¶ 2.) Defendant further concedes that Officers Bowden and Brooks began the search of his vehicle

---

[3]Even though the search apparently was framed as an inventory search, not a search incident to an arrest, the proper Fourth Amendment inquiry is not the officer's subjective intent but whether the search was reasonable. Whren, 517 U.S. at 814 (citing Gustafson v. Florida, 414 U.S. 260, 266 (1973); United States v. Robinson, 414 U.S. 218, 235 (1973)).

only a "short time" after they placed him in handcuffs. (See id. at Ex. A ¶ 5.)[4] These allegations do not show defendant is entitled to relief. Cf. Lewis, 40 F.3d at 1332. On the contrary, defendant's own version of the facts demonstrates that the search was valid it was because sufficiently contemporaneous with defendant's arrest. Cf. Doward, 41 F.3d at 793; Sanchez, 892 F.Supp. at 18-19 (holding vehicle search sufficiently contemporaneous with arrest when police began search almost ten minutes after securing defendant; police began search as soon as possible). Consequently, the Court should deny defendant's request for an evidentiary hearing.

      B.     The Search Was Reasonable as an Inventory Search Because It Was Conducted in Good-Faith Adherence to Standard Boston Police Department Policy.

In addition, the search of defendant's vehicle was reasonable as an inventory search. The inventory search, a purely administrative, non-investigatory procedure related to the police's "community caretaking" function, is a well-defined exception to the Fourth Amendment's warrant requirement. Colorado v. Bertine, 479 U.S. 367, 371 (1987); Illinois v. Lafayette, 462 U.S. 640, 643-44 (1983); South Dakota v. Opperman, 428 U.S. 364, 368-71 (1976). It is reasonable for police to impound a vehicle following a custodial arrest of the driver when necessary to protect the vehicle from theft or vandalism, and to protect the police from liability for the same. Opperman, 428 U.S. at 369; United States v. Ramos-Morales, 981 F.2d 625, 626 (1st Cir. 1992). And when police decide to impound a vehicle, it is reasonable to inventory the contents of the vehicle to protect the owner's property and to protect the police from claims of loss or theft. Opperman, 428 U.S. at 369.

---

[4] Defendant also alleges that, as the officers were placing him in handcuffs, his girlfriend arrived on the scene "to pick up her food" and take custody of the car. (Def.'s Mot. at 2, Ex. A ¶ 4.) The government contests defendant's allegations on this point; nevertheless, even taking them as true, they are irrelevant as the officers began the search immediately after taking defendant into custody. See id.; Def's Ex. A ¶ 5.

An inventory search, like the one in this case, that is conducted pursuant to a written policy does not require a warrant or impose a constitutional violation. Bertine, 479 U.S. at 372. Police may exercise discretion in choosing whether to tow a vehicle, so long as that discretion is exercised in good-faith consideration of standardized criteria related to the appropriateness of towing the vehicle. Id. at 375-76. Furthermore, the police need not provide the vehicle's owner an opportunity to make alternative arrangements. Id. at 373-74; United States v. Rodriguez-Morales, 929 F.2d 780, 786 (1st Cir. 1991). The Fourth Amendment only requires that the decision to tow the vehicle, in light of all the surrounding circumstances, be reasonable. Bertine, 479 U.S. at 373-74 (citing Lafayette, 462 U.S. at 647); Rodriguez-Morales, 929 F.2d at 786. In particular, where the driver is arrested and there is no other party immediately present authorized to take custody of the vehicle, the police have a legitimate non-investigatory purpose for towing the vehicle. Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003); United States v. Goodrich, 183 F.Supp.2d 135, 140-41 (D. Mass. 2001). The reasonableness of the decision to tow is only strengthened when the police are aware of a threat of vandalism or automobile theft in the area. See Ramos-Morales, 981 F.2d at 626-27; Rodriguez-Morales, 929 F.2d at 785 (citing United States v. Johnson, 734 F.2d 503, 505 (10th Cir. 1984)).

In this case, the officers' decision to tow defendant's vehicle was made pursuant to standard Boston Police procedures and was reasonable. In the event of an arrest of the driver of a vehicle, Boston Police procedures authorize officers to determine whether the vehicle should be towed, left off the road with windows and doors locked, or turned over to another responsible party. (Def.'s Mot. Ex. B at 2-3, ¶¶ 4-6.) The procedures provide standardized criteria to guide this decision, mandating that "[a] vehicle will be [towed for safekeeping] when there is . . . a danger to the vehicle being left unattended [or] a danger of theft or vandalism." Id. ¶ 4

7

(emphasis added). It is undisputed that there was a valid warrant for defendant's arrest and that defendant was the owner of the vehicle. (See Def.'s Mot. at 1-2, Ex. A ¶¶ 2-4.) Furthermore, when Officers Bowden and Brooks arrested defendant, they were aware that the area around Woodville Street had a particularly high rate of automobile theft. And since defendant was alone and the owner of the vehicle, the officers were not then aware of any other party authorized to take custody of defendant's vehicle. The police were not affirmatively required to seek another such party. Bertine, 479 U.S. at 373-74; Vega-Encarnacion, 344 F.3d at 41; United States v. Skillern, 947 F.2d 1268, 1275-76 (5th Cir. 1991); cf. Goodrich, 183 F.Supp.2d at 140-41 (invalidating towing of vehicle where police knew owner's wife was present). Nor were they required to choose the option least intrusive and most favorable to defendant. Bertine, 479 U.S. at 374-75 (citing Lafayette, 462 U.S. at 647-48). The officers had to quickly exercise their discretion to decide whether leaving a red 2003 Lexus on Woodville Street in Roxbury after midnight on a Saturday night would invite "a danger of theft or vandalism." (Def.'s Mot. Ex. B at 2-3, ¶ 4.) In the totality of the circumstances, their decision to tow the vehicle was reasonable.

The subsequent inventory search of the vehicle was routine, conducted pursuant to an explicit Boston Police procedure and, thus, was reasonable. Boston Police procedures mandate that officers shall search an entire vehicle, including all unlocked containers therein, and inventory any valuables found. Def.'s Mot. at 3, ¶¶ 7-8. Furthermore, whenever feasible, officers must conduct the inventory search prior to towing the vehicle. Id. at 2, ¶ 3. Such a standardized policy is entirely proper because it allows the police to effectively perform their community caretaking function. See Lafayette, 462 U.S. at 646.

Officer Bowden looked inside defendant's vehicle and immediately noticed valuables in the back seat. He then conducted a simple search of receptacles in the vehicle, and almost

immediately discovered defendant's firearm when he pulled open the passenger seat pouch. After notifying Officer Brooks of his discovery, Officer Bowden completed his inventory, including filling out the required inventory form. (Completed inventory form attached hereto as Exhibit A; see Def.'s Mot. Ex. B at 3, ¶ 7.) Officer Bowden's inventory search thus followed standard procedures and was reasonable.

## CONCLUSION

For all of the above reasons, the Court should deny defendant's Motion to Suppress Evidence without hearing.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY


/s/ Eugenia M. Carris
Eugenia M. Carris
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

Dated: March 13, 2006                (617) 748-3282

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participates as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 13, 2006.

/s/ Eugenia M. Carris
Eugenia M. Carris

# EXHIBIT A

# Boston Police VEHICLE INVENTORY PAGE 1 OF 1

| DIST/UNIT: B2 1 B203A | CC#: 050234108 | DATE: 5/08/05 | TIME: 12:35 AM |
|---|---|---|---|

| VEHICLE INFO: MAKE: LEXUS | TYPE: ES300 | YR: 2003 | REG. NO: 19501 | STATE: MA |
|---|---|---|---|---|

☒ OWNER ☐ OPERATOR    NAME: Anthony TONEY

ADDRESS: 21 Woodville St #2 Roxbury    TELEPHONE:

REASON FOR CUSTODY: ARREST

LOCATION: Blue Hill Av / Woodville St

(LIST ALL CONTENTS REMOVED FROM VEHICLE. IF NONE, WRITE NONE)    (LIST ALL DAMAGE, IF ANY)

- Tool box containing drill for screws and other miscellaneous tools
- Case containing watch, pen, dark glasses

— Not Removed —
Documented only

- Silver firearm .25 Caliber LORCIN
- 7 live rounds

— REMOVED —

REMARKS:

No specific vehicle damage

REPORTING OFFICER'S SIGNATURE ID#: [signature] #8681

DUTY SUPERVISOR'S SIGNATURE

BPD Form 2012rev (Disk: form 9)

US0065