UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )   CRIMINAL NO. 05-10189-PBS
UNITED STATES OF AMERICA      )
                              )
v.                            )
                              )
ANTHONY TONEY                 )
_____)

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Pursuant to this Court's May 12, 2006 Order, the government submits the following memorandum to provide support for the proposition that the Court may uphold the search on grounds not necessarily relied upon by the officers conducting it.

It is well settled that the proper Fourth Amendment inquiry is not the officer's subjective intent but whether the search was reasonable. Whren v. United States, 517 U.S. 806, 813-15 (1996) (citing Gustafson v. Florida, 414 U.S. 260, 266 (1973); United States v. Robinson, 414 U.S. 218, 235 (1973)).[1]

---

[1] See government's March 13, 2006 Opposition Memorandum at n. 3; Robinson, 414 U.S. at 221, n.1 and 236 (search incident to a lawful arrest upheld, even though the arresting officer gave no suggestion that evidence of the offense would be on the person, there was no reason to believe the arrestee was armed, the officer himself did not suspect that the subject was armed, and the search may have been prompted by a belief that drugs would be found); see also United States v. Brown, 374 F.3d 1326, 1327 (D.C. Cir. 2004) (officer's misunderstanding of Fourth Amendment did not render search unconstitutional); United States v. Gonzalez, 954 F.Supp. 48, 50 & n.3 (D. Conn.1997) ("test is what could lawfully be done, not what the policemen thought the source of their power to be") (quoting United States v. Ochs, 595 F.2d 1247, 1256 (2d Cir. 1979) (government need not show inventory search permissible when investigative search proper); United States v. Ames, 2003 WL 1903373, 2003 U.S. Dist. LEXIS 6451 at *41-42 (S.D. Ind., January 27, 2003) (makes no difference that stated justification was inventory search rather than search incident to arrest)(citing Whren, 517 U.S. at 812).

The First Circuit also supports this view. United States v. Lawlor, 406 F.3d 37, 43 n.8 (1st Cir. 2005) (citing Whren, 517 U.S. at 813, for the principle that an officer's subjective belief is irrelevant to Fourth Amendment analysis). United States v. Weems, 322 F.3d 18, 23-24 (1st Cir. 2003) ("the subjective intent of the police plays no role in the analysis of a motion to suppress under the Fourth Amendment."; question is whether the entry and later activities were objectively reasonable under the Fourth Amendment.)  (citing Whren); United States v. Proctor, 148 F.3d 39, 42 (1st Cir. 1998) ("[I]n assessing a Fourth Amendment challenge, we consider the objective reasonableness of an individual officer's conduct rather than that officer's actual subjective motivations." ).[2]

---

[2] The standard on appeal is also instructive on this point since the Court may affirm a suppression on any basis clear in the record.  See United States v. Robles, 45 F.3d 1, 5 (1st Cir. 1995) ("We are not bound by the district court's reasoning [in denying a motion to suppress], and will affirm if the ruling below is supported by any independently sufficient ground."); United States v. Bouffard, 917 F.2d 673, 677 n.7 (1st Cir. 1990) ("Our review is not constrained to the grounds relied on in the district court. We may uphold the denial of the suppression motion if supported by any reasonable view of the evidence.").

The government maintains that the search was also a proper inventory search; however, the search was nevertheless reasonable and should be upheld as a search incident to arrest under New York v. Belton, 453 U.S. 454 (1981).   For the reasons stated herein, and in the government's March 13, 2006 Memorandum, the Court should deny defendant's Motion to Suppress Evidence.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY |
|  | /s/ Eugenia M. Carris<br>Eugenia M. Carris<br>Assistant U.S. Attorney<br>U. S. Attorney's Office<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA  02210 |
| Dated: May 17, 2006 | (617) 748-3282 |

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participates as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 17, 2006.

/s/ Eugenia M. Carris
Eugenia M. Carris